UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH WAYNE MITCHELL                                CIVIL ACTION

VERSUS

MARCUS JONES, ET AL.                                  NO. 20-00314-BAJ-SDJ

## RULING AND ORDER

Before the Court is Defendants Marcus Jones, David Voorhies, and Vincent Knight's (hereinafter "Defendants") **Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) & 12(b)(6) (Doc. 12)**. The Motion is unopposed. The Magistrate Judge has issued a **Report And Recommendation**, recommending that the Court grant Defendants' Motion in part. (Doc. 14). Plaintiff objects to the Report and Recommendation. (Doc. 15).

First, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Voorhies and Knight in their entirety, with prejudice. (Doc. 14, p. 9). Plaintiff "does not object to removing Defendants Voorhies and Knight from this civil action." (Doc. 15, p. 3).

Second, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Jones in his official capacity for monetary damages, with prejudice. (Doc. 14, p. 9). Plaintiff objects that "Defendants are not correct that [Section] 1983 does not provide a federal forum for a litigant who seeks monetary damage against either a state or its officials acting in their official capacities." (Doc. 15, p. 2). Plaintiff

1

is incorrect. The United States Supreme Court addressed the question of "whether state officials, sued for monetary relief in their official capacities, are persons under [Section] 1983" and "held that they are not." *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). The Supreme Court held that although "state officials literally are persons," an official-capacity suit against a state officer "is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Hafer*, 502 U.S. at 26 (quoting *Will*, 491 U.S. at 71). Accordingly, Plaintiff's objection is overruled.

Third, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Jones in his individual capacity for deliberate indifference to his serious medical needs, with prejudice. (Doc. 14, p. 9). Plaintiff "does not object to the deliberate indifference claim being removed from this civil action." (Doc. 15, p. 3).

Finally, the Magistrate Judge recommends that the Court refer this matter back to the Magistrate Judge for further proceedings. (Doc. 14, p. 9).

Having carefully considered the underlying Complaint, the instant Motion, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

2

Accordingly,

**IT IS ORDERED** that Defendants' Motion To Dismiss Pursuant To Federal Rules Of Civil Procedure 12(b)(1) & 12(b)(6) (Doc. 12) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that the entirety of Plaintiff's claims against Defendants David Voorhies and Vincent Knight are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Marcus Jones in his official capacity for monetary damages are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant Marcus Jones in his individual capacity for deliberate indifference to his serious medical needs are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion is **DENIED** in all other respects.

3

**IT IS FURTHER ORDERED** that this matter is referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this ___24th___ day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

4