## 𝕯epartment of 𝕻ublic 𝕾afety & 𝕮orrections
### 𝕾tate of 𝕷ouisiana
Louisiana State Penitentiary



**JOHN BEL EDWARDS**
Governor

**JAMES M. LE BLANC**
Secretary

STATE OF LOUISIANA

WEST FELICIANA PARISH

ANGOLA, LOUISIANA

I hereby certify that the attached documents are TRUE AND CORRECT copies of the

originals that are maintained at Louisiana State Penitentiary.

Certified Copy of ARP LSP 2019-1323

*Delshadee Scott*

Delshadee Scott #153568

Ex-Officio Notary

Department of Public Safety & Corrections/LSP

Date: 10-5-2020

Kenneth Mitchell 120166 Case

Bed 40

## LOUISIANA STATE PENITENTIARY
### ANGOLA, LOUISIANA

INMATE:    **120166 KENNETH MITCHELL**

LOCATION:  **WAL 2**

### ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE

This will acknowledge receipt of the SECOND STEP response (SECRETARY'S RESPONSE) OF ARP #LSP-**2019-1323** .

RECEIVED BY: *Kenneth Mitchell*

DATE RECEIVED: *11-12-19*

DELIVERED BY: *Cpt. Ashley*

========================================================================

PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.   Have the inmate sign and date the second step portion of
     the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
     second step response.
     **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.   Have the inmate sign BOTH AREAS OF this receipt.

3.   Delivery Officer MUST sign receipt and date it.

4.   Give the inmate the contents of the envelope.

5.   Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT

## RECEIVED

### NOV 15 2019

**LEGAL PROGRAMS DEPARTMENT**

## DUE BACK DATE

### NOV 12 2019

11/8

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
### CORRECTIONS SERVICES

### CASE NUMBER:  LSP-2019-1323

### SECOND STEP RESPONSE FORM
### (HEADQUARTERS)

TO:  <u>MITCHELL, KENNETH    120166</u>                                <u>LSP</u>
     Offender Name and Number                                         Living Unit


Response to Request Dated 09/23/2019, Received in this Office on 10/03/2019:

Your request for an Administrative review of ARP# LSP-2019-1323 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

All pertinent documentation surrounding your request, including the unusual occurrence report, statements provided by the security staff and your medical records have been reviewed.  None of the documents reviewed support your allegations.  Per the documentation provided, when Major Jones was escorting you to the Cellblock, you became combative towards him; you continued to curse at him; you then pulled away.  It was then you slipped and hit your head on the walk.  The medical unit was promptly notified.  Upon the arrival of medical staff, it was noted that you were lying on the walk.  You were awake, alert and oriented to date, place and person (AAOx3); blood was seen near your head; medical staff noted you had not loss consciousness; you complained of pain to the right side of your head; you denied neck/back pain; you had pulse, motor, sensation in all extremities (PMSx4); you were able to stand with assistance; you were then transported to the ATU for further evaluation.  The results of your assessment at the ATU indicated stitches (staples) were warranted to the laceration on the right side of your forehead.  The physician also ordered a facial x-ray; results were negative.  On 7/08/19 (four days after said incident) the staples were removed and there were no signs or symptoms of infection.  Medical opinion is controlling.  It is unfortunate that you received an injury when the noted above incident occurred; however, as indicated above it was due to your own actions.  You have failed to provide any evidence to substantiate your allegations that LSP security staff was negligent.  No further investigation or administrative intervention warranted.

Your request for Administrative Remedy is denied.


_____                    _____
            Date                                         Secretary's Signature or His Designee



**ARP Info Request**
Swaantje Hoffman   to:  Danielle Fruge                                    10/10/2019 02:30 PM

LSP-2019-1323 Kenneth Mitchell #120166 - please forward a copy of the offender's medical record indicating the results of his assessment completed on 6/03/19 when he was being escorted to Admin Seg, then fell to the ground and hit his head.

Please forward requested information by Thursday, 10/17/19.

Thank you.

Swaantje Hoffman
Headquarters - Internal Affairs
Office
Fax

Kenneth Mitchell
#120166
LSP-2019-1323

unmailed Shawnee 10/14/19.
( was out with FM)

# LOUISIANA STATE PENITENTIARY - EMERGENCY MEDICAL SERVICES
## AMBULANCE RUN REPORT

| | | | | |
|---|---|---|---|---|
| **DATE** | 06/03/19 | | **RUN NUMBER** | 19-0729 |
| **ASSIGNED** | 1230 | | **SIGNAL** | A-17 |
| **ENROUTE** | 1230 | **CALL REC'D FROM** Medical 4 | **EMS UNIT #** | M-16 |
| **ON SCENE** | 1239 | **NATURE OF THE CALL** Offender Fell on Walk | **TRANS BLS** ✓ **ALS** | |
| **TRANS-PORTING** | 1243 | **INCIDENT LOCATION** Eastyard Kitchen Gate | **NT ORD BY** | N/A |
| **AT HOSPITAL** | 1250 | **PATIENT** Kenneth Mitchell | **RECEIVING HOSPITAL** | RBTC-ATU |
| **AVAILABLE** | 1255 | **ADDRESS OR LIVING QTR** Walnut 2 | **RECEIVING MD/RN** | CROOK |
| **AGE** 50 **RACE** B **SEX** M | **CHIEF COMPLAINT** head pain | | **DOC#/SS#** | 120166 |

| VITAL | TIME | 1241 | 1250 | | | | | |
|---|---|---|---|---|---|---|---|---|
| | BLOOD PRESSURE | 147/94 | 141/92 | | | | | |
| | PULSE | 111 | 95 | | | | | |
| | RESPIRATION | ≈16 | ≈16 | | | | | |
| | LOC A.V.P.U. | A | A | | | | | |
| | PUPIL R/L | ER/ER | ER/ER | | | | | |
| | MOTOR FUNCTION | PMS ⊕x4 | | | | | | |
| | SKIN | W/D | W/D | | | | | |
| | EKG | | | | | | | |
| | O2 STA/GLUCOSE | 100% RA — | 100% RA — | | | | | |

| MEDS/TX | OXYGEN | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | IV1 FLUID/RATE | | | | | | | | **TOTAL FLUID** |
| | IV2 FLUID/RATE | | | | | | | | **CC** |
| | DEFIB T/A | | | | | | | | |
| | MEDS T/A | | | | | | | | |

| **CURRENT MEDICATIONS** | Sulindac, Losartan, A-Balm, APAP, Benadryl, Tums, Lopid | **ALLERGIES** | PCN |
|---|---|---|---|

**PMHX/TX:** Arrived on scene for 50 y.o. BM lying prone on walk c̄ hands restrained behind his back PTA - security present - Pt is AxOx3. Pt has ≈30cc of blood near his head. Security states that pt attempted to pull away from him & he fell. Security states there was no loss of conscious-ness, Pt states "I think I got knocked out" Pt c/o pain to ℞ side of head near the top. Denies neck/back pain. PMS⊕x4. Pt rolled onto his back & was assisted to standing position. Pt stands upright s̄ difficulty or sway. Ambulates to stretcher, secured x 3 straps V/S as above. Pt loaded to M-16. 1° & 2° completed en route. PEARL. Pt has dried blood to ℞ side of head/face. Pt has ≈1½ inch laceration to top of head on ℞ side. Bleeding controlled PTA c̄ natural clotting process. ⊘ active bleeding. Pt voices ⊘ other c/c. Pt has ≈2-3 cm hematoma to ℞ upper cheekbone near lateral aspect ℞ eye. V/S reassessed. Upon arrival @ ATU, Pt care & report turned over to S.Lachney, RN s̄ incident ———— AP

| | | | | | |
|---|---|---|---|---|---|
| **EMT #1** A.Cowan | **REG #** M.5012082 | **EMT #2** M.Moreau | **REG #** AP EMT |
| **HCP#** 84/578 | | **REFERRAL#** | |



**LOUISISANA STATE PENITENTIARY • 17544 TUNICA TRACE • ANGOLA, LA 70712 • PHONE 225-655-2286**
**ROBERT E. BARROW, JR. TREATMENT CENTER**
**ACCIDENT / INJURY REPORT**
**VITAL STATISTICS**

DATE: 06, 03, 19                              TIME SEEN: 12:55

NAME: Kenneth  Mitchell    DOC#: 120166   AGE: 53   RACE: B

LIVING QUARTERS: Wal 2    JOB ASSIGNMENT: HlPr   LAST TETANUS: 2019

MEDICATIONS: Merox, Benicar, TUMS   ALLERGIES: NKDA
Sulindac, Josattan, Gemfibozil

DATE OF ACCIDENT: 06/03/19   TIME OF ACCIDENT: 12:45   ACCIDENT LOCATION: In front of HACC Shack

| TIME: 12:55 | B/P: 176/111 | PULSE: 102 | RESP: 18 | LOC: A+0x3 | TEMP: | BS/SpO2: 99% R |
| TIME: 13:30 | B/P: 166/108 | PULSE: | RESP: 18 | LOC: AA0x3 | TEMP: | BS/SpO2: 49% |
| TIME: | B/P: / | PULSE: | RESP: | LOC: | TEMP: | BS/SpO2: |

**CHIEF COMPLAINT AND INITIAL ASSESSMENT**

CHIEF COMPLAINT, HISTORY AND ASSESSMENT:
Offender to ATU via EMS stretcher c/o tripping a
rolling landing on the R side of face. Hema-
toma onset to the R orbital. Denied LOC. A+0x3.
2bia W/D. PERRL. NADN.

Wound/was clean w/ was antiseptic c 1% lid
4 staples applied. Pt tolerant well. Ø C/O.

MEDIC SIGNATURE: [signature]

**PHYSICIAN ASSESSMENT AND TREATMENT**

☐ CATEGORY A          ☐ CATEGORY B          ☒ CATEGORY C
***SEE DEFINITIONS ON THE BACK OF THIS SHEET FOR EXPLANATION OF CATEGORY***

This. 5'm G who tripped in hit R side y face
w head in pavement (per pt) Pt denies LOC,
Bnn A+O x4 NAD
VSS AF O2 55%
Hew: 2.5cm laceration ry inf 1 t R   [struck through]/kep rej scalp
Eye: ESMI, PERRL, conjRRL wm   R peri orbit hematom
M/S: CTA Ext rotation, MAE, BCCE, Wubld           CT scan Head
                                                    free 5 contrat

☐ Duty Status ___Ø___  [signature]        ☐ Appointment ___Ø___
☐ Diet ___Ø___                            ☐ Dressing Change ___Ø___

PHYSICIAN SIGNATURE: [signature]

| TIME LEFT: 1405 | TRANSPORTATION: ambulatory | DESTINATION: WFPH CT |
| LSP-TC 07   Rev. 04/2018 | ACCIDENT/INJURY REPORT | PAGE ___ OF ___ |

**LOUISIANA STATE PENITENTIARY**
**R. E. BARROW, JR. TREATMENT CENTER**
**ANGOLA, LOUISIANA**

## CONSULTANT REFERRAL FORM

**PATIENT'S NAME:** Kenneth Mitchell **DATE:** 6/3/19

**DOC#:** 120166 **DOB:** [redacted] **HOSPITAL#:**

**REQUEST FOR CONSULTATION (please specify location/physician):**

**BRIEF HISTORY, PHYSICAL EXAMINATION AND PURPOSE FOR CONSULTATION:**

This 50 y/o w/m who present to ATU after fall from standing position and land on (R) side of body sustaining laceration to (R) frontal/temporal area scalp w/ (R) periorbital hematoma

∅ LOC

PE: AAOx4, NAD

Lac 2.3 cm (R) scalp [illegible] w/ (R) periorbital hematoma

**Provisional Diagnosis:** ? facial fx, ? cranial injury

**Requested by:** [illegible signature]

**NOTICE: This patient is in custody. Please do not give him any prescriptions, medicines, etc. Also, return appointments should be ordered when the prison staff physician cannot provide adequate follow-up. DO NOT allow the inmate to have access to this information.**

LSP-TC 22 Rev. 10/97

COPY



## LOUISIANA STATE PENITENTIARY

## R. E. BARROW JR., TREATMENT CENTER

### TRIP RETURN

NAME: MITCHELL, KENNETH                    DOC#: 120166

DATE RETURNED TO TREATMENT CENTER 6/3/2019          LOCATION: WAL 2

♦    CLINIC    WFPH/ER                 Time returned to TC: _____ AM/PM

♦    OTHER #: _C Head + facial bones w/o contrast_

Returned:  __ With Paperwork          __ Discharge to Camp

           __ Without Paperwork       Security Notified:_____ AM PM

           __ Obtain Results          Admit to:  __ Nursing Unit I

Nurses Signature: _____          __ Nursing Unit II

— obtain results - attached = neg

## Louisiana State Penitentiary
### R.E. Barrow, Jr. Treatment Center
### Physician's Clinic



| Name MITCHELL | , KENNETH | DOC 120166 | Location CBC L/R | | | Date 7/8/2019 |
|---|---|---|---|---|---|---|

| BP: / | Temp | Pulse | Resp: | Height | Wt.: | Time: 2:35:31 PM |
|---|---|---|---|---|---|---|
| DOB | | 50 | year old B | Male | | |

**Allergies:**

**Reason for Vis** ___ SUTURE REMOVAL

**Chief Complaint:**

**O2 Saturation**

four Staples removed from right Side of forehead. Would Closed, clean dry, intact No Sign or Symptoms of infection Ø redness Ø Swelling. ___ K Kellner LPN 7/8/19

**Assessment:**

1.

2.

3.

4.

5.

*C O A* ☐

**Plan:** K Kellner LPN 7/8/19

1.

2.

3.

4.

5.

**Date**

**MD Signature**

**Louisiana State Penitentiary**
**R.E. Barrow, Jr. Treatment Center**
**Physician's Clinic**



| Name | | DOC | Location | Date |
|---|---|---|---|---|
| **MITCHELL** | **, KENNETH** | **120166** | **CBC L/R** | **6/5/2019** |

**BP:** 117 / 83    **Temp** 98.7    **Pulse** 111    **Resp:** 20    **Height** 72    **Wt.:** 166    **Time:** 10:57:55 AM

**DOB** ▓▓▓▓▓▓    50 year old B    Male

**Allergies:** PROZAC

**Reason for Vis** CLINIC A

**Chief Complaints** s/c NECK, SHOULDER PAIN

**O2 Saturation** [          ]

---

(R) temporal loc - nothing. ✓ CT (6-3-19) = neg (x scalp swelling) S/P 6-3-19 fall from standing position c (R) facial, neck shoulder pain

Rx LBP + (R) knee pain = chronic - ON ty, Clinoril + A balm

New c/o neck + shoulder pain not responding to clinoril + A balm

PE → N ROM in restraints, dx/o pain c attempts
+ c palp'n (neck, sup. traps).

out of restraint c FROM - full abd'n to vertical
but pain c/o's @ med'l sup. trap. nm'c c attempt

Dr Bramble to Rx Elavil 50 mg QPM (for pain?)

**Assessment:**

embellishment - strange jerking
motions c (R) neck + (R) sup trap use

**Plan:** shoulder ROM/PE sheet given

1. R/x clinoril → Naprox 500 BID prn x 3 mos
2. ↑
3. RTC 4 mo ths
4. B Bramble CM 36
5. B

8/5/19    8-5-19

**COA** [ ]

**Date**    **MD Signature**

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2019 -1323

TO:  <u>KENNETH MITCHELL 120166</u>              <u>CBC L/R</u>
        Offender's Name and Number                   Living Quarters

<u>6/3/19</u>
Date of Incident

X                          ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                           issued within 40 days of this date.

                           REJECTED:  Your request has been  rejected for the following reason(s):

_____<u>06/28/2019</u>_____                              _____<u>Nyesha Davis</u>_____
                Date                                               Warden's Signature or Designee

*2019-1323*
*0701 / mpwest*

## ADMINISTRATIVE REMEDY PROCEDURE

RECEIVED

JUN 19 2019

LEGAL PROGRAMS DEPARTMENT

Kenneth Mitchell #120166      June 3, 2019/ Excessive Force
Offender's Name     DOC #      Date of Incident/Complaint

MP West/ 12:30p.m./Excessive Force
Place and Time of Incident/Complaint

On June 3, 2019, Walnut and Hickory were walking to chow Maj. Marcus Jones was on the walk yelling, telling everybody to get their asses in line. Thereafter, Marcus Jones singled me out telling me to get my ass in line. I simply replied that I was in line. He then started yelling again saying "Get your mother fucking ass in line." I then, in accordance with the rules stated that I was going to write hi up for cussing me. Marcus Jones then stated. "I don't give a fuck about no write up." As I continued on through the gate to go to chow he called me back, I said that I was going to chow. At this point Capt. Voorhies pulled up, exited his bike and placed me in restraints. After applying the restraints he began to yell: "Stop restraining!" This was being said as he was twisting my wrist. Of course in the law of nature when something abnormal is being done the body and mind seek correction and I merely tried to straighten out my wrist. I heard Marcus Jones state "you don't know who you are fucking with." And I was out. Later I found out that Marcus Jones had swiped my feet from under me and I hit my head on the concrete. When I came to, E.M.T.'s and Lt. Colonel Knight were standing over me. Lt. Colonel Knight was trying to get the E.M.T.'s to believe that I had just fell on my own. He asked Major Jones "What happened? Did he fall?" Major Jones replied "yes." However, it was a lie. I told them both that they were lying. The E.M.T.'s picked me up out of a pool of blood. The right side of my face was covered in blood with no knowledge as to how long I was out. Lt. Colonel Knight order an orderly to clean the blood off of the walk with no investigative pictures taken of the scene. I was transported to the ATU where four staples were put in my head. After wards I was rushed to St. Francisville Medical for emergency CT scans. Upon returning to the prison I was not placed on the ward for observation for possible concussion or any other precautionary complications from the purposeful slam to the ground, I was placed in administrative segregation. The there was a falsified report submitted to the DB court amounting to malfeasance. There were no UOR's done on the incident or attached to the DB report. This was to cover up the fact that I was assaulted while I was in handcuffs. There was no investigation and all raking officers that were present sought to cover up the assault. This is a blatant violation of my Constitutional rights. I had the write to state that I would seek legal redress for the harassment which also falls under the excessive force rule; verbal abuse.

*All State employees* are governed by the Louisiana Code of Governmental Ethics *(La. R.S. 1950, Title 42, Chapter 15)*, and the Code of Ethics and regulations of the Department of Corrections. One of the goals is to provide safety of staff and offender by maintaining an organized and Disciplined system of operation. Each employee receives training to provide them with the essential knowledge, skills, abilities, and attitudes needed to perform their duties with efficiency. The primary source of authority for correctional officer is found in Departmental Regulations. These regulations outline the laws governing your responsibility and authority. In this incident several employee rules were violated. *Abuse of Offenders, Corporal punishment, or Use of Unnecessary or Excessive* Force, in the form of physical abuse is forbidden. In accordance with Penitentiary Directive 09.002 and Department Regulation c-02-006 Officers used more than reasonable force in application. The incident was under control. I was already on my knees and under control by an officer out-weighing me by almost a hundred pounds. My actions are inexcusable but that is what DB Court is for. Major Marcus Jones exceeded his duties and the bounds set forth by approaching the scene with me already restrained and slamming my head to the ground. That is not even a proper restraining procedure. No other rank or officer even admonished Major Marcus Jones. A Second Violation, *General Misconduct.* Said engaged

conduct impairs and undermines the safety of staff and offenders. Furthermore, employees should be professional and treat offenders with respect. Violation-3 *Failure to Follow Orders*: Employees must obey all Department Regulations, Unit Policy and Procedures, Post Orders, Civil Service Rules and other written procedures and policies. And, a final violation of Malfeasance part a. **Each employee must** perform his duties properly and **free from** negligence so as to fulfill the purpose and responsibilities of his assignment. There has been an alarming growing number of excessive force situations taking. violating the Eighth Amendment of the United States Constitution. In addition, we view the fact that this is a culture in this prison. Trained officers often abuse their authority and act in an unprofessional way. head Warden on down by way of giving such officers institutional slaps on the wrist, providing them with legal representation when it goes to court with the knowledge that most offenders cannot prosecute a case against an attorney nor can they afford representation or do the footwork needed to prepare a proper case. Still it is by these means that I must exhaust my remedies. It is for the foregoing reasons that I request the following.

**Relief Requested:**

1. A VR-1 be issued within the institution, and the West Feliciana Sheriff's Department be contacted for filing a criminal assault violation report against Defendants Marcus Jones for physical assault as described above. As well as the other officers for failing to assist and stop the use of force as accessories after the fact (Lt. Col Knight and Capt. Voorhies)

2. That these officers be suspended pending investigation and the out come of said investigation.

3. Maj. Marcus Jones, Capt. Voorhies and Lt. Col. Knight's PES/employee file, with respects to all complaints be sealed and made a part of the administrative record for purposes of judicial review.

4. That a meaningful investigation (more than taking their denial as truth) be performed by Investigative Services including submission to lie detector test and an inquiry as to why he felt the need to use such force.

5. No form of retaliation immediate or future be taken against me by this employee or any of his colleagues.

6. All medical expenses be paid by the defendants.

_Kenneth Mitchell_ 120166          6-17-15
Inmate's Signature    DOC#                    Date

CASE NUMBER: LSP-2019-1323

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>MITCHELL, KENNETH 120166</u>              CBC L/R
                                                 Living Quarters

Response to request dated , received in this office on 06/19/2019

In your request for remedy, you alleged that Walnut and Hickory Units were walking to chow and Major Jones was on the walk yelling, telling everybody to get their ass in line. You stated that Major Jones singled you out and told you to get your ass in line and you replied by saying, "I'm already in line". You stated that you where on your way through the gate to chow when Major Jones called you back. You stated that when you made it to Major Jones, Captain Voorhies pulled up on his bike, got off and put you in restraints. After he applied the restraints, you stated that he began to yell, "Stop Resisting!" He was saying that as he was twisting your arm. You stated that you tried to straighten out your arm but pressure was applied, and Major Jones yelled at you saying, "You don't know who you are fucking with," and I was out after that. You stated that later you found out that Major Jones swept your feet from under you and you hit your head on the concrete, when you came to, the EMT's were given the story that you had just fell. You stated that Lieutenant Colonel Knight ordered an inmate to clean your blood off the walk while you were being transported to the Treatment Center for staples in your head. In your request for remedy you are asking that you be allowed to file an assault charge against Major Jones, all Officers involved be disciplined to the fullest for their involvement and wrong doing, and all medical expenses be paid by the defendants.

In response to your ARP, Captain Voorhies stated that he does remember the incident that you are talking about in your ARP, however he was never directly involved. Lieutenant Colonel Knight stated that he had nothing to do with the incident involving you and Major Jones. Lieutenant Colonel Knight stated that he does remember the incident, but he had no direct involvement. Major Jones stated that he does not use profanity and he carries himself in a professional manner at all times. Major Jones stated that on the date in question he ordered you to get in line on the walk and you refused. Major Jones stated that you refused all orders given to you by him, he put you in restraints and began escorting you to Administrative Segregation. Upon passing through the West Gate, Major Jones stated that you became combative, he ordered you to stop but you refused and began pulling away. When you snatched away from Major Jones the last time, you fell and hit your head. Major Jones stated that he called Medical #4 for an ambulance and when they arrived you were transported to the Treatment Center. Major Jones claims that at no time were you ever expose to any form of corporal punishment and or any type of force.

Therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _____
              Jeremy McKey, AWII MPW/All Chapels/Trips

Approved by: _____
              Jimmy Smith, AWIII MP Complex

Louisiana State Penitentiary
Angola, Louisiana

# ARP STATEMENT

ARP NUMBER: ___2019-1323___       DATE: _8/2/2019_

Inmate's Name and Number: __Kenneth Mitchell, #120166___

*In regards to the above aforementioned Request for Administrative Remedy, I, Major Marcus Jones, offer the following:*

*I do not use profanity. I maintain a professional demeanor at all times. On the date in question I ordered offender Mitchell to get in line. Offender Mitchell refused. I placed him in restraints, behind his back, and began escorting him to Administrative Segregation. Offender Mitchell became combative, was pulling away from me and cursing me. I continued to give offender Mitchell direct verbal orders to stop pulling away from me but he refused to comply. As we passed through the West Gate offender Mitchell snatched away from me. At that time offender Mitchell fell and hit his head on the Walk. I notified Medical #4 of the need for an ambulance at the West Gate. EMTs arrived and offender Mitchell was transported to the Treatment Center. This was all detailed in my UOR at the time of the incident. (SEE ATTACHED)*

*Offender Mitchell's claims that he was a victim in this instance is false. At no time was offender Mitchell exposed to any form of corporal punishment, and/or force. Offender Mitchell is claiming a cover-up exists where there is none.*

*I have nothing further to add to this statement.*

Major Marcus Jones
MPCB / Security Supervisor / 8 hrs.

cc:    file

Form C-05-001-W-2
01 November 2018

## DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
## UNUSUAL OCCURRENCE REPORT
### (Miscellaneous)

### INSTITUTION: LSP

| NAME<br>Kenneth Mitchell | Number<br>120166 | DORM OR CELLBLOCK<br>Walnut #2, MPWY | DATE OF INCIDENT<br>06/03/2019 | TIME OF INCIDENT<br>Approx. 12:35 pm |
|---|---|---|---|---|
| LOCATION OF INCIDENT<br>West Gate Walk | | WITNESSES<br>N/A | | |

### TYPE OF INCIDENT - CHECK APPROPRIATE BOXES

☐ Accidents
    ☐ Employee Accident
    ☐ Offender Accident
    ☐ Vehicle Accident
☐ Contraband
    ☐ Inside Facility
    ☐ Outside Facility
☐ Drug Screen
☐ Maintenance
☐ Use of Body Camera or other RMD
☐ Request to Remove Service Dog

☒ Medical
☐ Mental Health
☐ Protection Request
☐ Security Inspections
☐ Shakedowns
    ☐ Routine
        ☐ Staff  ☐ Visitor  ☐ Offender
    ☐ Target
        ☐ Staff  ☐ Visitor  ☐ Offender
☐ Use of Tact Team and Chase Team as outside assistance

☐ Other:

### DESCRIPTION OF INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On the above date and approximate time, I, Major Marcus Jones, gave offender Kenneth Mitchell, #120166, several direct verbal orders to get in line, on the right side of the walk. Offender Mitchell flatly refused. I again gave offender Mitchell another direct verbal order to get in line and he refused. I then approached offender Mitchell and gave him a direct verbal order to turn around and put his hands behind his back to be restrained. Offender Mitchell stated, "Man, fuck you! You always fucking with people!" I then grabbed offender Mitchell by his hand and placed a cuff on his left wrist. Offender Mitchell began cursing me, calling me "bitches and hoes". Offender Mitchell then attempted to pull away at which time I grabbed his other hand and placed the other cuff on it. I then began escorting offender Mitchell to the Cellblock. He became very combative towards me by continuing to curse me and pull away. I gave offender Mitchell several direct verbal orders to stop pulling away from me. Upon passing through the West Gate, offender Mitchell snatched away from me and slipped down and hit his head on the walk. I then notified Medical #4 of the need for an ambulance at the West Gate. EMTs arrived and evaluated / treated offender Mitchell. Offender Mitchell was subsequently escorted to the Treatment Center for further medical evaluation / treatment. This is for your information and further handling.

_____
**REPORTING OFFICER**
Major Marcus Jones
MPWY / Security Supervisor / A Team

_____06/03/2019_____
**DATE COMPLETED**

_____4:45 pm_____
**TIME COMPLETED**

**Louisiana State Penitentiary**
**Angola, Louisiana**

# ARP STATEMENT

**ARP NUMBER: LSP-2019-1323**        **DATE: 9/4/2019**

**Offender's Name and Number: Kenneth Mitchell, #120166**

      *In response to the above mentioned ARP, I, Captain David Voorhies, have the following to offer:*

      *I remember the incident offender Mitchell speaks of, however I was never directly involved in this incident.*

This is for your information.

**Captain David Voorhies,**
**MPCB/ A-Team Security Supervisor**

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER:  LSP - 2019 - 1323

RE:   KENNETH MITCHELL      120166

LOCATION:  CBD L/R

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST
FOR REMEDY NUMBER LSP-2019-1323.

RECEIVED BY: X_____
                        (INMATE'S NAME & NUMBER)

DATE RECEIVED:  9-23-19

DELIVERED BY:  Sgt S. Williams

==============================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the receipt to LEGAL PROGRAMS DEPARTMENT.

# RECEIVED

SEP 3 0 2019

**LEGAL** PROGRAMS DEPARTMENT

## DUE BACK DATE

SEP 27 2019

9/23

CASE NUMBER:  LSP-2019-1323

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  MITCHELL, KENNETH 120166                    CBC L/R
                                                 Living Quarters

Response to request dated , received in this office on 06/19/2019

In your request for remedy, you alleged that Walnut and Hickory Units were walking to chow and Major Jones was on the walk yelling, telling everybody to get their ass in line. You stated that Major Jones singled you out and told you to get your ass in line and you replied by saying, "I'm already in line". You stated that you where on your way through the gate to chow when Major Jones called you back. You stated that when you made it to Major Jones, Captain Voorhies pulled up on his bike, got off and put you in restraints. After he applied the restraints, you stated that he began to yell, "Stop Resisting!" He was saying that as he was twisting your arm. You stated that you tried to straighten out your arm but pressure was applied, and Major Jones yelled at you saying, "You don't know who you are fucking with," and I was out after that. You stated that later you found out that Major Jones swept your feet from under you and you hit your head on the concrete, when you came to, the EMT's were given the story that you had just fell. You stated that Lieutenant Colonel Knight ordered an inmate to clean your blood off the walk while you were being transported to the Treatment Center for staples in your head. In your request for remedy you are asking that you be allowed to file an assault charge against Major Jones, all Officers involved be disciplined to the fullest for their involvement and wrong doing, and all medical expenses be paid by the defendants.

In response to your ARP, Captain Voorhies stated that he does remember the incident that you are talking about in your ARP, however he was never directly involved. Lieutenant Colonel Knight stated that he had nothing to do with the incident involving you and Major Jones. Lieutenant Colonel Knight stated that he does remember the incident, but he had no direct involvement. Major Jones stated that he does not use profanity and he carries himself in a professional manner at all times. Major Jones stated that on the date in question he ordered you to get in line on the walk and you refused. Major Jones stated that you refused all orders given to you by him, he put you in restraints and began escorting you to Administrative Segregation. Upon passing through the West Gate, Major Jones stated that you became combative, he ordered you to stop but you refused and began pulling away. When you snatched away from Major Jones the last time, you fell and hit your head. Major Jones stated that he called Medical #4 for an ambulance and when they arrived you were transported to the Treatment Center. Major Jones claims that at no time were you ever expose to any form of corporal punishment and or any type of force.

Therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _Jeremy McKey_
            Jeremy McKey, AWII MPW/All Chapels/Trips

Approved by: _____
            Jimmy Smith, AWIII MP Complex

9-19-19
_____
Date


_____
Unit Head

Instructions to Offender:  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason: _They are all lying. They were all directly
involved, and None of any relief was granted.
NONE!_

9-23-19
_____
Date

_Kenneth Mitchell 120166_
Offender's Signature    DOC#