## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KENNETH WAYNE MITCHELL (#120166)**       CIVIL ACTION

**VERSUS**

     **20-314-BAJ-SDJ**

**MARCUS JONES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 3, 2022.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KENNETH WAYNE MITCHELL (#120166)**                    CIVIL ACTION

**VERSUS**

**MARCUS JONES, ET AL.**                    20-314-BAJ-SDJ

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the cross Motions for Summary Judgment filed on behalf of Plaintiff (R. Doc. 42) and remaining Defendant Marcus Jones (R. Doc. 45). The Motions are opposed. *See* R. Docs. 43, and 46-48.

The *pro se* Plaintiff, a person confined at Louisiana State Penitentiary, Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Marcus Jones, David Voorhies, and Vincent Knight, complaining that his constitutional rights were violated due to the use of excessive force.[1] He seeks monetary, declaratory, and injunctive relief.

Plaintiff moves for summary judgment relying upon the pleadings, a disciplinary report, ARP No. 2019-1323, an Ambulance Run Report, an Accident/Injury Report, and excerpts of his medical records. Defendant moves for summary judgment relying upon the pleadings, a Statement of Material Facts, the affidavit of Marcus Jones, a disciplinary report, an Ambulance Run Report, excerpts of Plaintiff's deposition, and Plaintiff's Answers to Interrogatories.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for

---

[1] Plaintiff's claims asserted against Defendants Voorhies and Knight have been dismissed. *See* R. Docs. 14 and 16.

summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, Plaintiff alleges the following: while waiting in line for chow, Defendants Jones and Voorhies were riding bikes on the walk. Defendant Jones was yelling for everyone to get their "a$$es in line." Plaintiff responded by stating that he was already in line, and Defendant Jones yelled, "get your mother f*cking a$$es in line." Plaintiff threatened to

write Defendant Jones up for cursing. Major Jones responded that he didn't "give a f*ck" about a writeup.

Plaintiff was then placed in restraints by Voorhies. As Plaintiff was being escorted to the cells blocks, Defendant Jones swiped Plaintiff's feet, causing Plaintiff to fall. Plaintiff's head struck the concrete floor, and he was rendered unconscious. Knight ordered for the blood to be cleaned off the walk.

After an EMT was called, Plaintiff was taken to the treatment center. Four staples were used to close the wound on Plaintiff's head, and he was rushed to St. Francisville Medical Center for a CT scan. Upon returning to the prison, Plaintiff was placed in administrative segregation rather than a medical ward. No photos were taken, no body camera footage was recorded, and no investigation was conducted.

In his Motion for Summary Judgment (R. Doc. 45), Defendant Jones challenges the accuracy of the allegations made by Plaintiff and asserts that he is entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendant's Motion (R. Doc. 45) should be granted. Plaintiff has not directed the Court's attention to specific, competent summary judgment evidence in the record which demonstrates that he can satisfy a reasonable jury that he is entitled to a verdict in his favor.

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

The competent summary judgment evidence submitted by Defendant Jones shows that, on June 3, 2019, Defendant Jones was escorting Plaintiff and other inmates to chow. Jones ordered Plaintiff to get in line with the other inmates, and Plaintiff refused. Plaintiff was given several more verbal orders by Jones to get in line, and Plaintiff continued to refuse. Jones then placed Plaintiff in restraints and escorted him to the cellblock.

While being escorted to the cellblock, Plaintiff was combative and began pulling away from Jones. Jones gave Plaintiff direct verbal orders to stop pulling away, but Plaintiff refused to comply. As Jones was escorting Plaintiff through the West Gate, Plaintiff jerked away, fell, and hit his head on the floor. Jones immediately called for an EMT. *See* Exhibit A, *Affidavit of Marcus Jones*, R. Doc. 45-4.

Defendant Jones did not intentionally trip Plaintiff or otherwise intentionally cause Plaintiff to fall. Plaintiff fell due to his own actions. An Unusual Occurrence Report was written, and Plaintiff was issued a disciplinary report. *See* Exhibit A, *Affidavit of Marcus Jones*, R. Doc. 45-4.

Though Plaintiff alleges that Defendant Jones swiped his feet and caused him to fall, Plaintiff did not witness the alleged actions of Defendant Jones. Rather, Plaintiff states that he learned of it from inmates' talking. *See* Exhibit D, *Excerpts of Deposition of Plaintiff*, R. Doc. 45-8. Yet, Plaintiff has not identified any witnesses to the alleged actions of Defendant Jones. *See* Exhibit F, *Plaintiff's Answers to Interrogatories*, R. Doc. 45-9.

In connection with his own Motion for Summary Judgment (R. Doc. 42) and in opposition to Defendant's Motion for Summary Judgment, the Court notes that Plaintiff has not filed or directed the Court to any competent summary judgment evidence sufficient to create a genuine issue of material fact. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in

opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).

Plaintiff has not submitted an affidavit or declaration, nor is Plaintiff's Complaint verified. Plaintiff has also failed to direct the Court's attention to specific evidence in the record which demonstrates that he can satisfy a reasonable jury that he is entitled to a verdict in his favor. Plaintiff instead relies upon a copy of his grievance and excerpts of his medical records. The statements made in Plaintiff's grievance are hearsay. Under Rule 801 of the Federal Rules of Evidence, hearsay is defined as a "statement that ... the declarant does not make while testifying at the current trial or hearing [and] a party offers in evidence to prove the truth of the matter asserted in the statement." Plaintiff's statements made in his grievance fall within the definition of hearsay. "Unsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact." *Clary v. Comput. Assocs. Intern., Inc.*, 109 F.3d 765, 765 (5th Cir. 1997). The medical records relied upon by Plaintiff only show that he was injured. They do not show that Plaintiff was injured due to the use of excessive force by Defendant Jones.

Accordingly, there is nothing before the Court which tends to dispute Defendant's assertions that he is entitled to qualified immunity. Based upon Plaintiff's failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that

Defendant's motion is well-taken and that, on the record before the Court, Defendant Jones is entitled to summary judgment as a matter of law.

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the Court has original jurisdiction, if the Court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended dismissal of Plaintiff's federal claims, the Court further recommends that supplemental jurisdiction be declined in connection with Plaintiff's potential state law claims.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Summary Judgment (R. Doc. 42) be denied. It is further recommended that Defendant's Motion for Summary Judgment (R. Doc. 45) be granted, dismissing Plaintiff's claims against Defendant Jones. It is further recommended that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims and that this action be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on October 3, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**